IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Linda Washington, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:07-3552-TLW-TER |
| | ) | |
| Purdue Farms, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# ORDER

Plaintiff, Linda Washington ("plaintiff"), brought this civil action on September 26, 2007. The case was removed to federal court on October 26, 2007. (Doc. #1). The defendant filed a Motion for Summary Judgment on June 27, 2008. (Doc. #16). The plaintiff filed a Response in Opposition to the defendant's motion on July 21, 2008. (Doc. #21). The defendant then filed a Reply on July 31, 2008. (Doc. #23).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. (Doc. #26). In the Report, the Magistrate Judge recommends that the District Court grant the defendant's Motion for Summary Judgment. (Doc. #26). The plaintiff filed objections to the Report. (Doc. #28). The defendant filed a Reply to the plaintiff's objections. (Doc. #30). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual

or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report, the documents submitted by the parties, and the objections. The Court notes that in the plaintiff's deposition, she did not dispute that the time card issue was the reason that she was terminated. (Dep. Washington 82:23-83:4). The plaintiff also answered in the negative when asked if there was any reason that the defendant fired her other than the belief that she falsified her time card. (Dep. Washington 83:5-8). Therefore, the plaintiff's own statements undermine her claim of retaliation in violation of the FMLA.

This Court examined the complete record in this case. This Court has also examined the objections to the Report filed by the plaintiff in this case, and has determined that the objections allege no specific facts or general factual basis to deny entry of summary judgment in favor of the defendant. The plaintiff has provided no legal or factual basis to reject the Report of the Magistrate Judge. After a careful review, de novo, of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #26).

**IT IS SO ORDERED**.

    s/Terry L. Wooten
    United States District Judge

February 13, 2009
Florence, South Carolina

2